IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. LYNN McCLORE,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent.<br>_____ / | No. C 07-1029 WHA (PR)<br><br>**ORDER DISMISSING WITH<br>LEAVE TO AMEND** |

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d) (venue proper in both district of conviction and district of confinement).

**STATEMENT**

In 1987 a jury convicted petitioner of kidnaping and robbery. He received a sentence of seven years to life plus one year in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*
3  *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading
4  requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ
5  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
6  court must "specify all the grounds for relief which are available to the petitioner ... and shall
7  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of
8  the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not
9  sufficient, for the petition is expected to state facts that point to a 'real possibility of
10 constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
11 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient
12 are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d
13 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

15  It is unclear what petitioner is trying to claim.  He says that the Board of Prison Terms
16 refuses to set a "term consistent with his crime," but in his memorandum of points and
17 authorities sets out the issue thus:  "The California Board of Prison [Term]'s failure to set a
18 term consistent with the crime in which petitioner is incarcerated and negligently demonstrates
19 no future endeavor to adhere to the laws governing petitioner's conviction forcing petition to
20 serve a term reserved for first and second degree murder violates his right[]s to due process and
21 equal protection of the laws."  (Pet. P & A at 6(a) (capitalization modified).)

22  To the extent petitioner is trying to contend that the Board has a federal constitutional
23 obligation to set a set term of years for him which would be consistent with his offense, he is
24 incorrect; there is no such federal due process right arising directly from the Constitution, and
25 no such right could arise from state law because state law does not require such a term-setting.
26 *See In re Dannenberg*, 34 Cal. 4th 1061, 1082-84 (2005).

27  On the other hand, the Superior Court of California, County of Los Angeles, in ruling on
28 petitioner's state habeas petition, treated it as presenting a contention that parole hearings were

2

1  not being held within the time required by state law (Pet., exh. A). Again, this would appear to
2  be purely a state-law contention, and one that does not afford a remedy, according to the
3  superior court.

4  On the other hand, in the body of petitioner's points and authorities he argues, among
5  other things, that he has been denied parole based solely on the characteristics of his long-ago
6  crime, evidence which he contends is not sufficient to be the "some evidence" necessary to
7  satisfy due process in parole-eligibility cases. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th
8  Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of
9  offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002)
10 (due process requires that at least "some evidence" support parole denial). If this is a claim
11 petitioner intended to present, though not mentioned in the form petition or the statement of the
12 issue in his points and authorities, he must set it out as a separate issue and specify the parole
13 hearing he is seeking to attack.

14 It is also possible, judging from argument in the points and authorities, that petitioner is
15 attempting to claim that his plea bargain has been breached,. that the time he has had to serve
16 amounts to cruel and unusual punishment, and that he has been denied equal protection – but it
17 not possible to be sure. Petitioner must make clear whether he is making these claims.

18 The petition will be dismissed with leave to amend. If petitioner chooses to amend, he
19 should bear in mind that this Court can grant relief only for violation of federal law, usually the
20 Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). He thus must allege facts
21 which suggest a constitutional violation, not just a violation of state law. Also, if his claim
22 arises from events at a parole eligibility hearing, he must specify when that hearing was.

### CONCLUSION

24 1. The petition is **DISMISSED** with leave to amend within thirty days from the date this
25 order is entered. The amendment must include the caption and civil case number used in this
26 order and the words AMENDED PETITION on the first page. Failure to amend within the
27 designated time will result in the dismissal of these claims.
28 ///

2. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October    11   , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\mcclore1029.dwla.wpd

4